IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**CHRISTOPHER JAY WILLIAMS,**

    Plaintiff,

    v.

**GRETCHEN HAWKINS,**

    Defendant.

Case No. 5:12-cv-183 (HL)

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Stephen Hyles (Doc. 20). In his Report and Recommendation, Magistrate Judge Hyles recommends denying Defendant Gretchen Hawkins' Motion to Dismiss (Doc. 14) because he finds that Plaintiff Christopher Jay Williams is able to state a cognizable claim for relief under § 1983. The Court agrees with the ultimate recommendation made by the Magistrate Judge, but the Court would like to briefly address Defendant's argument that qualified immunity should apply, which was not addressed by the Magistrate Judge.

"Qualified immunity protects public employees performing discretionary functions from the burdens of civil trials and from liability unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Fernandez v. Metro Dade Police Dept., 397 Fed. App'x 507, 508 (11th Cir. 2010) (citing Kjellsen v. Mills, 517 F.3d 1232,

1236-37) (11th Cir. 2008)). "The purpose of qualified immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007) (internal quotation omitted). To determine whether a defendant is entitled to qualified immunity, a court must engage in a two-step analysis that considers: "(1) whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and, if so, (2) whether the right violated was clearly established." Smith v. Vavoulis, 373 Fed. App'x 965, 966 (11th Cir. 2010).

In this case, the alleged conduct of Defendant, who was acting within her discretionary authority, does violate a constitutional right, namely, the Eighth Amendment. This right was clearly established at the time of the incident. Thus, qualified immunity does not justify granting a motion to dismiss at this time.

The Court adopts the findings of the Magistrate Judge and the Recommendation is made order of the Court.

**SO ORDERED**, this 30th day of May, 2013.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

ebrs